RECEIVED

FEB 21 2018

U.S. District Court
Eastern District of MO

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

ALIREZA BAKHTIARI                               )
*PLAINTIFF*                                      )
                                                )
V.                                              )   CAUSE NO.:_____
                                                )
DOUG BURRIS                                     )
*US PROBATION OFFICER*                           )
*EASTERN DISTRICT OF MISSOURI*                   )
                                                )
KANISHA DEJEAN                                  )
*US PROBATION OFFICER*                           )
*EASTERN DISTRICT OF MISSOURI*                   )
                                                )
TIMOTHY GOEHRING                                )
*US PROBATION OFFICER*                           )
*EASTERN DISTRICT OF MISSOURI*                   )
                                                )
JULIE O'KEEFE                                   )
*US PROBATION OFFICER*                           )
*EASTERN DISTRICT OF MISSOURI*                   )
                                                )
*RESPONDENTS*                                    )
*IN THEIR OFFICIAL CAPACITIES*                   )
                                                )
*FOR ALL RESPODENTS SERVE:*                      )
*OFFICE OF US PROBATION*                          )
*111 SOUTH 10TH STREET*                           )
*ST. LOUIS, MO 63102*                             )

COMPLAINT

## TABLE OF CONTENTS

NATURE OF THE SUIT.................................................................................................. 3

JURISDICTION AND VENUE ...................................................................................... 4

STATUTE OF LIMITATIONS........................................................................................ 4

RESPONDENTS ............................................................................................................. 4

EXHAUSTION OF ADMINISTRATIVE REMEDIES .................................................. 5

FACTS COMMON TO ALL COUNTS........................................................................... 6

COUNTS OF CLAIM.................................................................................................... 10

REQUEST FOR RELIEF .............................................................................................. 15

VERIFICATION............................................................................................................. 16

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

**ALIREZA BAKHTIARI**     )
*PLAINTIFF*        )
            )
**V.**            ) **CAUSE NO.: _____**
            )
**BURRIS** *et. al.*       )
*DEFENDANTS*      )

### COMPLAINT

COMES NOW, Alireza Bakhtiari ("Bakhtiari", "plaintiff"), appearing in ***pro se***, and respectfully states his petition against the above captioned defendants as follows:

### NATURE OF THE SUIT

1. This is **not** a sentencing claim. This is **not** an action asking for modification of supervise release conditions. This is a stand-alone cause of action raising substantive constitutional challenges to the actions and decisions of the agents of federal government.

2. Plaintiff, in *pro se*, is an individual who has about 22 months remaining from his supervised release sentence. The defendants, US Probation officers, have arbitrarily, whimsically and vindictively, invented and imposed highly absurd limitations on plaintiff's supervised release, telling him that he is not allowed to work in his profession as an analytical chemist and that he is absolutely banned from travelling for business purposes.

3. Plaintiff is one instance of many. The interests of public call for addressing the constitutionality of the behavior and decisions of these defendants since due to their arbitrary and ultra vires actions, families and individuals regularly and frequently suffer substantial harms.

## JURISDICTION AND VENUE

4. The questions presented are substantively federal constitutional questions. Plaintiff is a native and citizen of IRAN who lives in the United States in exile. He brings this action pursuant to 28 U.S.C. 1332 (diversity of citizenship). The venue of this action is proper since the actions and omissions complained of occurred within the geographical limits of Eastern District of Missouri.

## STATUTE OF LIMITATIONS

5. For the claims asserted, the statute of limitations is five years. The claims are filed within the statutory time limit.

## RESPONDENTS

6. Doug Burris ("Burris") is defendant in his official capacity. He is the supervising and chief US probation officer. Plaintiff alleges actions, omissions and direct personal involvement by Burris.

7. Kanisha DeJean ("DeJean") is defendant in her official capacity. She is a US probation officer. Plaintiff alleges actions, omissions and direct personal involvement by DeJean.

8. Timothy Geohring ("Geohring") is defendant in his official capacity. He is a US probation officer. Plaintiff alleges actions, omissions and direct personal involvement by Geohring.

9. Julie O'Keefe ("O'Keefe") is defendant in her official capacity. She is the supervising US probation officer. Plaintiff alleges actions, omissions and direct personal involvement by O'Keefe.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. The Administrative Procedure Act has not devised any specific remedy applicable to this instance to be pursued prior to filing such action. Plaintiff has dutifully and diligently exhausted avenues to obviate unnecessary litigation.

- Plaintiff has sent at least 10 letters to Burris personally and made at least 10 phone calls to him personally to discuss the issues. Burris responded to none.

- Plaintiff has sent at least 12 letters to O'Keefe personally and made at least 10 phone calls to her personally to discuss the issues. O'Keefe made no genuine attempt to resolve the dispute. In their last phone conversation O'Keefe merely said "go talk to the court!" then she abruptly and curtly hung up the phone.

- Plaintiff has sent at least 30 letters to Goehring personally (some were forwarded to him from his predecessor - DeJean) and made at least 30 phone calls to him personally (and/or his predecessor) to discuss the issues. Goehring made no genuine attempt to resolve the dispute. Geohring always passed plaintiff on to his supervisors – defendants O'Keefe and Burris. Geohring admitted that the decisions in plaintiff's specific case were "coming down" from O'Keefe and Burris.

- Plaintiff has sent at least 25 letters to DeJean and made at least 30 phone calls to her to discuss the issues. Dejean made no genuine attempt to resolve the dispute. DeJean always passed plaintiff on to her supervisors – defendants O'Keefe and Burris. Dejean admitted that the decisions in plaintiff's specific case were "coming down" from O'Keefe and Burris.

- Plaintiff sent a letter to the defendants in this suit and made one last attempt to resolve. They collectively ignored the letter [See **Exhibit 1**].

## FACTS COMMON TO ALL COUNTS

11. Plaintiff is an "analytical chemist". This has been his profession since 1998.

12. In 2012, plaintiff guilty to "Causing a Potential Hindrance to an Official proceeding" [18 U.S.C. 1512(c )(2)] [US v. Bakhtiari, 4:12-CR-97]. This conviction is for a non-violent crime. This conviction has nothing to do with his profession as an analytical chemist. This is plaintiff's only criminal conviction ever. Plaintiff has no history of alcohol, tobacco or drug use. Plaintiff is not even subject to periodic drug testing in his supervised release.

13. Plaintiff has put 20 years in developing his expertise in analytical chemistry of Active Pharmaceutical Ingredients ("API") and that of biologics [which pertain to the therapeutics phenomena inside the body.]

14. Plaintiff exhausted his federal criminal sentence on January 17th 2017, then he went to the custody of immigration officials where he was re-certified as an exilee under Article 3 of United Nations Laws - Convention Against Torture. He was released on December 5th 2017. As of this filing, plaintiff has less 22 months of supervised release remaining.

15. Back in July of 2012, after the guilty plea hearing in his criminal case, this Court held two different hearings about plaintiff's employment with Yantra Group LLC (www.yantragroupllc.com). Hon. Judge Buckles **granted plaintiff leave** to proceed to work for this firm as an analytical chemist.

16. On January 25th 2018, plaintiff informed DeJean of resuming his employment with Yantra Group LLC. On February 5th 2018, usurping Judge Buckles' earlier order, DeJean denied plaintiff permission to pursue this employment. DeJean offered no explanation for denying plaintiff's request. Plaintiff wrote extensively to Burris

(O'Keefe's supervisor). Defendants: Burris, DeJean and O'Keefe brazenly usurped Judge Buckles, they denied plaintiff his basic right to work and earn a living, and offend no explanation, evidence or reason for such.

17. Yantra Group LLC is a Missouri perpetual corporation (Missouri corp. ID: LC-1229204, incorporated in Missouri on May 21st 2012). The principles are: Dr. Sal Giandinoto and the late Mr. Michael Salazar. Plaintiff, himself, is also a minor equity partaker.

18. Honorable Judge Buckles, held two hearings about plaintiff's employment with this firm (on 07/11/2012, and the other on 08/07/2012). The Court, through Judge Buckles, authorized plaintiff to participate in this employment[1]. This is a biotech firm which performs different scientific services for various biotech companies.

19. This is Plaintiff's only source of income. Plaintiff has been just released after five years in federal custody. He has not paid child support for five years. His only worldly belongings are the cloth on his back, his cell phone, a handbag, and a laptop. His expertise as an analytical chemist is all he has. Through his trade, his only legitimate line of work, he is seeking sustenance. Plaintiff's criminal conviction has no nexus to his work as an analytical chemist.[2]

20. On January 25th 2018, plaintiff informed DeJean of a need to travel to South Carolina to attend some pre-arranged interviews with clients of Yantra Group LLC. About this

---

[1] Promptly after his release from federal custody, Honorable Judge Webber met with defendant and USPO DeJean. Hon. Judge Webber expressly indicated that the Court is conducive to allow defendant to go back to his old profession as an analytical chemist.

[2] Of course plaintiff is aware that, as an example, a sex offender cannot appear before this Court and state a constitutional right to work in Chuck E. Cheese or to work in a daycare. But plaintiff's case, conviction and instance is fully distinguishable from his line of profession. A man who attempted to obstruct justice, should get to work in a laboratory as an analytical chemist. Defendants have not even attempted to explain why not.

trip, plaintiff emailed Ms. DeJean few times, her supervisors Ms. O'Keefe and Mr. Burris two times each. Plaintiff personally appeared in their office two times, and heard nothing back. **Ten days later**, after plaintiff missed his business flight, on February 5th, DeJean denied permission for employment with Yantra categorically, but gave **no** explanation. Dejean offered no cause or reason for denying plaintiff his right to work.

21. Plaintiff met with O'Keefe, who deferred to DeJean's decision and offered no explanation. Plaintiff contacted Burris. Burris ignored plaintiff's many letters and phone calls on this subject.

22. As a result of DeJean's action and decision, as of today, plaintiff and Yantra Group LLC have lost the chance for many potential clients in South Carolina, Chicago, New York and San Francisco. Plaintiff has worked hard to convince these clients to consider the firm.

23. O'Keefe clearly is harboring personal malice and vindictiveness toward plaintiff's career and potential income. In one phone conversation, O'Keefe asked plaintiff how much did he make back in 2012, in Yantra Group LLC, after Judge Buckles gave him permission to proceed. Plaintiff responded that based on the project, his income varied from 50 to 150 $ per hour. O'Keefe commented that "you ain gonna [sic] make that much while on paper with us!" In another phone conversation O'Keefe commented to plaintiff that he should think of "goin [sic] out applying to McDonalds!"

24. In another conversation, O'Keefe informed plaintiff that if he chose to work for another firm, other than Yantra, she would consider granting him permission to work for these firms. Plaintiff decided to explore that option. Plaintiff emailed defendants and requested permission to work for another corporation, other than Yantra, as an analytical chemist **[Exhibit 2]**. Plaintiff informed defendants that there were two chemical

companies [one in Chicago, the other in North Carolina] who had exhausted the telephonic interviews with plaintiff and now wished to have face-to-face interviews with him, prior to hiring him. Defendants did not answer plaintiff's request for permission to interview the two potential employers.

25. On February 14th 2018, O'Keefe re-assigned plaintiff to a new USPO – defendant Geohring.

26. On February 14th 2018, upon plaintiff's request, Geohring met with plaintiff to discuss job interviews with two potential employers. Geohring answered plaintiff with an *absurd* comment which defied all logic. According to Goehring, plaintiff had to apply for re-location to the jurisdictions of Chicago and North Carolina before being allowed to go to those locations for a one-day job interview. Plaintiff contacted both jurisdictions [the office of USPO Jeanne Walsh in Northern Illinois and the office of USPO Lisa Morris in North Carolina]. Both confirmed that relocation process was not needed for a one-day visit for the purposes of job interview. Plaintiff wrote to defendants and informed them that their answer defies all logic and defies the statement and policies of their own colleagues in both jurisdictions: Northern Illinois and in North Carolina. Defendants did not answer.

27. A summary of plaintiff's requests before the defendants are as follows:

- On January 25th 2018, plaintiff requested defendants for permission to travel to South Carolina to interview clients for Yantra Group LLC. They denied his request and offered no explanation;

- On January 26th 2018, plaintiff requested defendants for permission to travel to Chicago to interview clients for Yantra Group LLC. They denied his request and offered no explanation;

• On February 6th 2018, plaintiff requested defendants for permission to travel to Buffalo/NY to interview clients for Yantra Group LLC. They denied his request and offered no explanation;

• On February 7th 2018, plaintiff requested defendants for permission to travel to San Francisco/CA to interview clients for Yantra Group LLC. They denied his request and offered no explanation;

• On February 10th 2018, plaintiff requested defendants for permission to travel to South Carolina and to Chicago for job interviews with two potential direct employers. They denied his request and offered no explanation;

• In each of the above instances, plaintiff made detailed plans and presented defendants with the confirmation numbers for air ticket, hotel and auto rental, so they could verify where and why he was traveling.

28. Defendants are not allowing plaintiff to work for Yantra Group LLC. Defendants are not allowing plaintiff to go work for other companies as an employee. Plaintiff has the right, recognized constitutionally, in working, keeping an employment and earning a living. Plaintiff needs to earn sustenance. And the only way he knows to do so is as an analytical chemist. The actions and decisions of defendants are rooted in malice, vendetta and personal vindictiveness. They stand violative of plaintiff's constitutionally recognized rights.

## COUNTS OF CLAIM

### COUNT (1)

**SUBSTANTIVE DUE PROCESS CLAUSE OF FIFTH AMENDMENT**

*BAN AGAINST ACCEPTING EMPLOYMENT AS AN ANALYTICAL CHEMIST*

**DEFENDANTS: BURRIS, DEJEAN, GEOHRING, O'KEEFE**

29. Plaintiff incorporates by reference the allegations in paragraphs 1-28 above.

30. By imposing such no employment condition, banning plaintiff from accepting employment as an analytical chemist, defendants has deprived him of his fundamental right to work, to rights in liberty and property under the law, to earn a living through his righteous profession.

31. Such "no employment condition" is arbitrary, is whimsical, is ultra vires, and is **not** narrowly tailored to achieve a compelling government interest.

32. By imposing the "no employment condition", defendants have violated plaintiff's rights under the substantive component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

<u>**COUNT (2)**</u>

**PROCEDURAL DUE PROCESS CLAUSE OF FIFTH AMENDMENT**

*BAN AGAINST ACCEPTING EMPLOYMENT AS AN ANALYTICAL CHEMIST*

**DEFENDANTS: BURRIS, DEJEAN, GEOHRING, O'KEEFE**

33. Plaintiff incorporates by reference the allegations in paragraphs 1-28 above.

34. Plaintiff was not provided with notice of this condition prior to its imposition.

35. Plaintiff was not given an opportunity to be heard regarding any purported facts demonstrating the justification for such arbitrarily imposed probation conditions. He was presented with no evidence and given no reasons for such conditions. He was not provided an opportunity to question the scope or appropriateness of such conditions prior to its imposition. Nor have defendants even attempted to explain or justify this condition since its imposition.

36. The challenged conditions were not imposed by a court, nor have they been reviewed by any court. Instead, they were unilaterally, arbitrarily and whimsically imposed by defendants, and they remain in place subject to defendants' unilateral whim.

37. Despite the lack of any process and the fact that no judge imposed the challenged probation condition, defendants have informed plaintiff that he will face revocation of his probation and, therefore, incarceration should he fail to comply with them.

38. Defendants' continued imposition of the challenged condition in the absence of any process violates plaintiff's rights under the procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## COUNT (3)

### SUBSTANTIVE DUE PROCESS CLAUSE OF FIFTH AMENDMENT

### *BAN AGAINST ACCEPTING EMPLOYMENT WITH YANTRA GROUP LLC*

### DEFENDANTS: BURRIS, DEJEAN, GEOHRING, O'KEEFE

39. Plaintiff incorporates by reference the allegations in paragraphs 1-28 above.

40. By imposing such no employment condition, banning plaintiff from accepting employment with "Yantra Group LLC", defendants has deprived him of his fundamental right to work, to rights in liberty and property under the law, to earn a living through his righteous profession.

41. Such "no employment condition" is arbitrary, is whimsical, and is **not** narrowly tailored to achieve a compelling government interest.

42. By imposing the "no employment condition", defendants have violated plaintiff's rights under the substantive component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## COUNT (4)

## PROCEDURAL DUE PROCESS CLAUSE OF FIFTH AMENDMENT

### *BAN AGAINST ACCEPTING EMPLOYMENT WITH YANTRA GROUP LLC*

### DEFENDANTS: BURRIS, DEJEAN, GEOHRING, O'KEEFE

43. Plaintiff incorporates by reference the allegations in paragraphs 1-28 above.

44. Plaintiff was not provided with notice of this condition prior to its imposition.

45. Plaintiff was not given an opportunity to be heard regarding any purported facts demonstrating the justification for such arbitrarily imposed probation conditions. He was presented with no evidence and given no reasons for such conditions. He was not provided an opportunity to question the scope or appropriateness of such conditions prior to its imposition. Nor have defendants even attempted to explain or justify this condition since its imposition.

46. The challenged conditions were not imposed by a court, nor have they been reviewed by any court. Instead, they were unilaterally, arbitrarily and whimsically imposed by defendants, and they remain in place subject to defendants' unilateral whim.

47. Despite the lack of any process and the fact that no judge imposed the challenged probation condition, defendants have informed plaintiff that he will face revocation of his probation and, therefore, incarceration should he fail to comply with them.

48. Defendants' continued imposition of the challenged condition in the absence of any process violates plaintiff's rights under the procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### COUNT (5)

## SUBSTANTIVE DUE PROCESS CLAUSE OF FIFTH AMENDMENT

### *ABSOLUTE TRAVEL BAN AGAINST PLAINTIFF FOR JOB INTERVIEWS OR*

### *FOR CLIENT INTERVIEWS FOR YANTRA*

## DEFENDANTS: BURRIS, DEJEAN, GEOHRING, O'KEEFE

49. Plaintiff incorporates by reference the allegations in paragraphs 1-28 above.

50. Plaintiff cannot obtain employment without face-to-face interviews. Alternatively, Yantra cannot have clients who give it projects to do without face-to-face client interviews. Plaintiff is **not** asking for unfettered, unsupervised and unlimited travels. As described supra, in each instance, plaintiff made detailed travel plans, then presented the travel plans, including its pertinent confirmation numbers (flight, hotel auto-rental), even the names and numbers of those whom he was planning to meet, to defendants so they would verify where plaintiff was going and why. But ignoring all this, defendants have imposed an absolute no travel ban upon plaintiff. They have done so arbitrarily, whimsically and vindictively. This way, de facto, they have removed the ability for plaintiff to have employment, be it as a direct employee of other firms, or as an employee of Yantra Group LLC.

51. By imposing such "absolute travel ban" and subsequently banning plaintiff from accepting employment with his own firm "Yantra Group LLC" or with others, defendants have deprived him of his fundamental right to work, to rights in liberty and property under the law, to earn a living through his profession.

52. Such "absolute travel ban" is arbitrary, is whimsical, and is **not** narrowly tailored to achieve a compelling government interest.

53. By imposing the "no employment condition", defendants have violated plaintiff's rights under the substantive component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## COUNT (6)

## PROCEDURAL DUE PROCESS CLAUSE OF FIFTH AMENDMENT

## *ABSOLUTE TRAVEL BAN AGAINST PLAINTIFF FOR JOB INTERVIEWS OR*

## *FOR CLIENT INTERVIEWS FOR YANTRA*

### **DEFENDANTS: BURRIS, DEJEAN, GEOHRING, O'KEEFE**

54. Plaintiff incorporates by reference the allegations in paragraphs 1-28 above.

55. Plaintiff was not provided with notice of this condition prior to its imposition.

56. Plaintiff was not given an opportunity to be heard regarding any purported facts demonstrating the justification for such arbitrarily imposed probation conditions. He was presented with no evidence and given no reasons for such conditions. He was not provided an opportunity to question the scope or appropriateness of such conditions prior to its imposition. Nor have defendants even attempted to explain or justify this condition since its imposition.

57. The challenged conditions were not imposed by a court, nor have they been reviewed by any court. Instead, they were unilaterally, arbitrarily and whimsically imposed by defendants, and they remain in place subject to defendants' unilateral whim.

58. Despite the lack of any process and the fact that no judge imposed the challenged probation condition, defendants have informed plaintiff that he will face revocation of his probation and, therefore, incarceration should he fail to comply with them.

59. Defendants' continued imposition of the challenged condition in the absence of any process violates plaintiff's rights under the procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court issues a judgment against Defendants:

60. Preliminarily and permanently enjoining enforcement of the challenged probation conditions;

61. Declaring that the above conditions violate plaintiff's Fifth Amendment right to substantive due process;

62. Declaring that all of the challenged condition violate plaintiff's Fifth Amendment right to procedural due process; and

63. Granting such other relief as this Court deems just and proper.

## **VERIFICATION**

64. I, the undersigned, plaintiff in *pro se*, certify and verify that all the factual assertions in the foregoing are true and accurate to the best of my memory, knowledge and belief.

Respectfully Submitted

On this February 21st, 2018

**ALIREZA BAKHTIARI**
**775 SEVEN HILLS LANE,**
**SAINT CHARLES, MISSOURI 63304**
**TELLEPHONE: +1-636-229-2202**
**EMAIL: ALI.BAKTIAR090@GMAIL.COM**

*APPEARING IN PRO SE*

## **ENCLOSURES**

- **EXHIBIT 1**

- **EXHIBIT 2**