UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALIREZA BAKHTIARI, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-298-RLW |
| DOUG BURRIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Alireza Bakhtiari for leave to proceed in forma pauperis in this civil action. For the reasons explained below, the motion will be granted, and this case will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if, *inter alia*, it is malicious, or it fails to state a claim upon which relief can be granted. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Plaintiff's Motion for Leave to Proceed In Forma Pauperis**

As the Court noted in another of Mr. Bakhtiari's pro se cases, *Bakhtiari v. Towey, et al.*, No. 4:18-CV-256-DDN (E.D. Mo. Aug. 22, 2018), the Court has serious reservations about the veracity of plaintiff's averments in the financial affidavit he filed in support of the instant motion. *See Bakhtiari v. Towey*, No. 4:18-CV-256-DDN, at ECF No. 8 ("It appears that plaintiff may have misrepresented his current employment status on his financial affidavit form. Even if he was not employed on the date he completed the form, he failed to disclose to the Court the month and year of his prior employment, and it appears he was employed during the same month he filed the complaint and completed the financial affidavit."). Having noted these reservations, however, the Court will grant plaintiff leave to proceed in forma pauperis, and will review the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**The Complaint**

Plaintiff brings his claims in six counts for violations of his substantive and procedural due process rights against defendant United States Probation Officers Doug Burris, Kanisha DeJean, Timothy Goehring, and Julie O'Keefe. He sues all defendants in their official capacities.

Plaintiff is currently serving a three-year term of federal supervised release, following 51 months' imprisonment on felony charges of corruptly attempting to obstruct, influence and

impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2). *See U.S. v. Bakhtiari*, No. 4:12-cr-97-ERW (E.D. Mo. 2012).[1] He alleges he is an analytical chemist, and defendant probation officers are not allowing him to resume his employment with his company, Yantra Group LLC, under the terms of his supervised release. Specifically, plaintiff states that he needs to travel to South Carolina to attend interviews with clients of Yantra Group LLC. He also states that he sought employment in Chicago and North Carolina, and defendants forbade him to travel to these locations because of the terms of his supervised release.[2]

In the first paragraph of his complaint, plaintiff states,

> This is **not** a sentencing claim. This is **not** an action asking for modification of supervised release conditions. This is a stand-alone cause of action raising substantive constitutional challenges to the actions and decisions of the agents of federal government.

Compl. at ¶ 1 (emphasis in original).

## Discussion

Plaintiff alleges all four defendants are United States probation officers, sued in their official capacities. Because he is "raising substantive constitutional challenges to [their] actions and decisions," the Court construes the complaint as one brought pursuant to *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (private right of action may be implied from the Constitution for allegations of constitutional violations made against federal employees).

A suit against a federal officer in his or her official capacity is a suit against the federal government itself. *See Buford v. Runyon*, 160 F.3d 1199, 1203 & n.3 (8th Cir. 1998). "It is well

---

[1] For background as to plaintiff's extensive litigation history, see *Bakhtiari v. Towey*, 4:18-CV-256-DDN (E.D. Mo. Aug. 22, 2018) (dismissing plaintiff's complaint as malicious and noting "plaintiff's shocking and longstanding pattern of abusive litigation before this Court.")

[2] Plaintiff states that Hon. Judge Buckles "authorized plaintiff to participate in this employment" at hearings on July 11, 2012 and August 7, 2012. These hearings did not concern plaintiff's supervised release, but rather concerned plaintiff's bond conditions in his criminal case. Judge Buckles allowed plaintiff to travel to the Western District of Missouri, where his wife lived, and allowed one five-day trip to San Diego, California.

settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id.* Absent a waiver, sovereign immunity automatically shields the federal government from suit. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.*

The United States has not waived its sovereign immunity to suit in a *Bivens* action. *See Buford*, 160 F.3d at 1203. Therefore, plaintiffs' claims against defendants in their official capacities are barred by sovereign immunity, and will be dismissed. Because plaintiff has sued all defendants only in their official capacities, plaintiff's case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's "motion for praecipe and service of process" is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff's motion for an emergency hearing on his motion for preliminary injunction is **DENIED**. [ECF No. 6]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of August, 2018.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE